**UNITED STATES of America**

v.

**Frank BORRELLI.**

**Cr. No. N–90–31 (WWE).**

United States District Court,
D. Connecticut.

May 6, 1991.

S. Twardy, U.S. Atty., Peter Markle, New Haven, Conn., and Deborah Slater, Hartford, Conn., for plaintiff.

William Barnes, Fairfield, Conn., for defendant.

## RULING ON DEFENDANT BORRELLI'S MOTION TO DISMISS

EGINTON, District Judge.

### BACKGROUND

This case originally involved fourteen defendants charged in a superseding indictment filed on June 21, 1990, with having operated the Schettino cocaine trafficking ring in Connecticut, which distributed cocaine during 1989 and 1990.

On April 12, 1991, this Court conducted a hearing on pending motions filed by the remaining three defendants, Frank Borrelli, Frank Grassi and Mary Torres. One such motion was Borrelli's Motion to Suppress Electronic Surveillance. At the conclusion of that hearing defendant Borrelli filed a pro se Motion to Dismiss, claiming that his rights under the Speedy Trial Act had been violated. The Court inquired as to whether Borrelli wanted to pursue his Speedy Trial Act claim immediately, or whether he wished to defer that motion to permit his attorney to file a more particularized memorandum in support of his Motion to Suppress Electronic Surveillance. After consultation with his attorney, Borrelli indicated that he wanted his attorney to file the memorandum, and he further

acknowledged that he understood that the Speedy Trial Act provisions would be tolled if he desired to pursue his Motion to Suppress. The memorandum in support of the Motion to Suppress was filed on April 19, 1991, and the Government responded on April 25, 1991. On April 30, 1991, this Court denied the defendant's Motion to Suppress Electronic Surveillance.

The Court will now address the defendant's Motion to Dismiss.

## FACTS

On June 29, 1990, while incarcerated at Somers Correctional Institution, the defendant filed a demand for a speedy trial. Subsequently, he learned that Somers personnel had not processed this demand until February 21, 1991. On July 5, 1990, the defendant entered a plea of not guilty, and jury selection was set for September 10, 1990. On August 6, 1990, the defendant and his codefendants filed a series of pretrial motions, including several motions to suppress. The Court ruled on many of the pretrial motions on October 22, 1990. A suppression hearing was not scheduled until April 12, 1991, however, due to overlapping motions filed by many of the co-defendants, and the inevitable scheduling difficulties that occur in multi-defendant actions.

As previously discussed, on April 12, 1991 defendant Borrelli filed a pro se Motion to Dismiss the Government's indictment against him. The defendant alleged that the Government had failed to bring him to trial within the time prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* The Government filed its response and opposition on April 19, 1991, and argued that the Motion to Dismiss should be denied because the defendant continued to pursue his Motion to Suppress Electronic Surveillance and, as a result, the Speedy Trial Act provisions were tolled.

## DISCUSSION

The Court has considered the arguments set forth in Defendant Borrelli's Motion to Dismiss, and for the reasons set forth below, the motion will be denied.

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1) (1988), provides that in a case in which a not guilty plea is entered, the defendant shall be tried within 70 days of either the filing of the indictment, or the first appearance before a judge, whichever occurs later. Section 3161(h)(1)(F) excludes from this time "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." The Supreme Court has held that subsection (F) also excludes time in the situation where a hearing has been held, and when the district court must await additional filings from the parties to properly dispose of a motion. *Henderson v. United States,* 476 U.S. 321, 331, 106 S.Ct. 1871, 1877, 90 L.Ed.2d 299 (1986). Section 3161(h)(1)(J) allows a further exclusion of up to 30 days from the time a motion is actually "under advisement" by a court. Section 3161(h)(7) also permits an exclusion for a delay caused by a codefendant as long as the time for trial has not run, and if a motion for severance has not been granted. This rule extends to a delay caused by the filing of pretrial motions by a codefendant. *United States v. Darby,* 744 F.2d 1508, 1517 (11th Cir.1984).

In this case, the Speedy Trial Act began to run on July 5, 1990, the date on which the defendant entered his plea of not guilty. The Act continued to run until the defendant filed his pretrial motions on August 6, 1990. At that point the provisions of the Act were tolled, and the defendant had accrued a total of 33 nonexcludable days. On October 22, 1990, the Court ruled on many of the pretrial motions, but was unable to schedule a hearing on the suppression motions until April 12, 1991. During the April 12th hearing, the Court ordered the parties to file posthearing briefs in support of their Motions to Suppress Electronic Surveillance. On April 19, 1991, defendant Borrelli filed his memorandum in support of his Motion to Suppress, and the Court ruled on that motion on April 30, 1991. However, upon a showing of good cause, this Court granted Torres, one of Borrelli's codefendants, an extension of

time until May 13th to file her supporting memorandum.

The provisions of the Act were tolled for the defendant on August 6, 1990, and they will remain tolled for a period of up to 30 days from the time Torres' motion is actually "under advisement" by the Court, or until such time as the Court grants any of the defendants' motions to sever. Therefore, the Court finds that Borrelli's Speedy Trial Act rights have not been violated because, to date, he has accrued only 33 nonexcludable days under the Act.

## CONCLUSION

For the reasons set forth above, the defendant's Motion to Dismiss is DENIED.